PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
RON MAROKO, State Bar No. 124770
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
(213) 894-4520 telephone; (213) 894-2603 facsimile
Email: ron.maroko@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - Los Angeles Division

In re:

**ROBERT DER OHANIAN,**

Debtor.

Case No.: 2:11-bk-27018-ER
Chapter 7

U.S. TRUSTEE'S EX-PARTE MOTION TO REOPEN BANKRUPTCY CASE UNDER 11 U.S.C. §350(b) FOR THE PURPOSE OF APPOINTING CHAPTER 7 TRUSTEE TO ADMINISTER ASSETS; DECLARATION OF HEIDE KURTZ

DATE:    Not Required
CTRM:    255 E. Temple Street
         Los Angeles, CA 90012

TO THIS HONORABLE COURT, DEBTOR, AND DEBTOR'S COUNSEL, IF ANY:

NOTICE IS HEREBY GIVEN that the United States Trustee will move, and does hereby move this Court, on an ex-parte basis, for an Order reopening this chapter 7 case for the purpose of appointing chapter 7 trustee to administer assets.

This motion is being made pursuant to 11 U.S.C. § 350(b), Fed. R. Bankr. P. 5010, and Local Bankruptcy Rule 5010-1. Debtor Robert Der Ohanian ("Debtor") filed a chapter 7 petition on June 19, 2015. Heide Kurtz was appointed chapter 7 trustee. Based upon representations of Debtor, the trustee filed her no-asset report on June 3, 2011. Debtor received his discharge on August 19, 2011, and the case was closed on August 30, 2011. Based upon information provided by the former chapter 7 trustee, there may assets that may be administered by a chapter 7 trustee for the benefit of creditors, that was not listed on the schedules nor known to the trustee at the time of Debtor's section 341(a) examination, and was not disclosed by Debtor to the trustee subsequent to the examination and the closing of the case. See attached declaration of Heide Kurtz ("Kurtz

1

Declaration"), para. 3 and 4. In November 2015, the former trustee learned that Debtor failed to disclose certain real property. *Id.* As reflected in Kurtz Declaration, para. 5 and 6, the property may have value. Thus, the case needs to be reopened and a chapter 7 trustee appointed to investigate whether there are potential assets recoverable by the estate that can be liquidated for the benefit of creditors.

## PROCEDURAL HISTORY

Debtor filed a voluntary petition under chapter 7 of title 11 on April 20, 2011. Heide Kurtz was appointed chapter 7 trustee. Based upon representations of Debtor, the trustee filed her no-asset report on June 3, 2011. Debtor received his discharge on August 19, 2011. On August 30, 2011, the order closing the case also discharged the trustee from her duties in this case. See attached Order Closing Case at Exhibit "1".

As reflected in the former trustee's declaration, Debtor failed to disclose a real property asset that he owned at the time of filing of the bankruptcy case. The former trustee believes that the property may have value, if administered that would result in payment to creditors. Thus, the reopening of this case and the appointment of a trustee is necessary to investigate, determine the extent of the estate's interest in the property, determine if there is any value for the benefit of creditors, liquidate the assets if there is value, and pay creditors from the liquidation proceeds in this case.

## POINTS AND AUTHORITIES IN SUPPORT OF THIS MOTION

The United States Trustee requests that the Court reopen the case so that he may appoint a chapter 7 trustee to administer the amended scheduled asset for the benefit of unsecured creditors.

Under 11 U.S.C. §350(b), a case may be reopened to administer assets, to accord relief to debtor, or for other cause. Reopening, by itself, has no independent legal significance, is a ministerial or mechanical act, and determines nothing with respect to the merits of the case. *In re Germaine,* 152 B.R. 619, (B.A.P. 9th Cir. 1993). "We have repeatedly held that the reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and

2

1 | determines nothing with respect to the merits of the case." *In re Menk*, 241 B.R. 896, 913 (B.A.P.
2 | 9th Cir. 1999).
3 |     The request to reopen can be brought ex-parte and without notice. *In re Daniels*, 34 B.R.
4 | 782 (B.A.P. 9th Cir. 1983), In re Abbott, 183 B.R. 198 (B.A.P. 9th Cir. 1995). "Although the
5 | reopening procedure prescribed by Rule 5010 requires a motion, it does not require that notice be
6 | given to anyone. Fed. R. Bankr. P. 5010. Nor does § 350(b) contain the talismanic mention of
7 | notice and hearing that connotes the statutory need to permit a contest." *Menk*, 241 B.R. at 914.
8 |     As part of his request to reopen, the United States Trustee requests that the Court direct him
9 | to appoint a chapter 7 trustee upon reopening of this case and has included such a provision in the
10 | order. Fed. R. Bank. P. 5010.
11 |     For each and all of the above reasons, the United States Trustee respectfully requests that
12 | the court reopen Debtor's case so that he may appoint a chapter 7 trustee to administer an
13 | undisclosed asset. The United States Trustee also requests that the Court direct the United States
14 | Trustee to appoint a chapter 7 trustee. An order reopening the case is being submitted under
15 | separate cover.

DATED: 3/9/16

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: _____
Ron Maroko
ATTORNEY FOR THE UNITED STATES TRUSTEE

3

# DECLARATION OF HEIDE KURTZ

DECLARATION OF HEIDE KURTZ

## DECLARATION OF HEIDE KURTZ

I, HEIDE KURTZ, do hereby declare and state as follows:

1. I make this declaration from my own personal knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

2. I was originally assigned as the Chapter 7 Trustee in the Bankruptcy Case of Robert Der Ohanian, 2:11-bk-27018 ER filed on April 20, 2011. I conducted the Meeting of Creditors on June 1, 2011 and filed a "*Report of No Distribution*" on June 1, 2011. The Court closed the case on August 30, 2011.

3. On November 23, 2015, I learned that the Debtor failed to include a piece of real property in his bankruptcy schedules that he owned at the time of the bankruptcy filing. The property address is 1008 E. Broadway, Glendale, California 91205-1206, "*Property*".

4. The Property was not listed on Schedule A nor anywhere on the Petition and Schedules.

5. Because the Debtor refinanced his existing loan on the "*Property*" with a new loan in the amount of $625,000.00 on November 30, 2015, it took until January 7, 2016 before Fidelity National Title was able to confirm the reconveyance of the original loan and I was able to determine that there was equity in the Property.

6. Based on the limited information I have at this time on this Commercial Property, my realtor, Darrow Fiedler, has valued the Property at approximately $1.29 million. Based on the existing encumbrances of $625,000.00, the re-opening of this case and the administration of the Property would result in a significant payment to creditors.

7.    I am requesting that this case be re-opened to administer the "*Property*" for the benefit of creditors.

I declare under penalty of perjury, pursuant to the laws of the United States of America that the foregoing is true and correct.

Dated:    1-14-16

*[signature]*
HEIDE KURTZ
TRUSTEE

# EXHIBIT "1"

EXHIBIT "1"

# UNITED STATES BANKRUPTCY COURT
## Central District Of California

| Debtor(s) Name:<br><br>Robert Der Ohanian | For Court Use Only<br><br>**FILED**<br><br>August 30, 2011<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY LP3 DEPUTY CLERK |
|---|---|
| Chapter: 7<br>Case Number: 2:11-bk-27018-ER | **ORDER CLOSING CASE** |

*Order of Discharge in the above referenced case was entered on 8/19/11, and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged from his/her duties in this case, his/her bond is exonerated, and the case is closed.*

*Dated: 8/30/11*                                    *By Order of the United States Bankruptcy Court*

                                                    Kathleen J. Campbell
                                                    *Clerk of Court*

13/ LP3

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled (*specify*): U.S. TRUSTEE'S EX -PARTE MOTION TO REOPEN BANKRUPTCY CASE UNDER 11 U.S.C. §350(b) FOR THE PURPOSE OF APPOINTING CHAPTER 7 TRUSTEE TO ADMINISTER ASSETS; DECLARATION OF HEIDE KURTZ

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____3/10/16_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

                                                                    X    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ____3/10/16_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

                                                                    X    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____3/10/16_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

                                                                    X    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/10/16 | Maria Ramos | *(signed)* Maria Ramos |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Heide Kurtz (TR)    trustee@hkurtzco.com, ecf.alert+Kurtz@titlexi.com
Andrew Edward Smyth (Debtor's counsel)    office@smythandsmyth.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

2. **SERVED BY U.S. MAIL:**
   **Debtor**
   Robert Der Ohanian
   4454 Rosemont Ave
   Montrose, CA 91020

3. **SERVED BY FEDERAL EXPRESS:**

   U.S. Bankruptcy Court
   255 E. Temple Street, Room 940
   Los Angeles, CA 90012
   Attn: Mail Room Clerk - Judges Copy

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F.9013-3.1.PROOF.OF.SERVICE